UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA TUCKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; BANK OF AMERICA N.A.; CITIMORTGAGE, INC.; FEDERAL HOUSING FINANCE AGENCY; U.S. BANK NA, CITIGROUP MORTGAGE LOAN TRUST, INC; All persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto; and Does 1-20,<br><br>　　　　Defendants. | No.　2:13-cv-01874 JAM-AC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

　　This matter is before the Court on Plaintiff Joshua Tucker's ("Plaintiff") Ex Parte Motion for a Temporary Restraining Order ("TRO") to Stay the Execution of a Writ of Possession and Eviction. (Doc. #3).[1]  Defendants Federal National Mortgage

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  No hearing was scheduled.

1

1  Association; Bank Of America N.A.; CitiMortgage, Inc.; Federal
2  Housing Finance Agency; U.S. Bank NA, Citigroup Mortgage Loan
3  Trust, Inc., (collectively "Defendants") did not have an
4  opportunity to file an opposition.  For the reasons stated below,
5  the Court denies the TRO application.

7                       I.    OPINION
8       A.   Legal Standard
9       Federal Rule of Civil Procedure 65 provides authority to
10 issue either preliminary injunctions or temporary restraining
11 orders.  A plaintiff seeking a preliminary injunction must
12 demonstrate that it is "[1] likely to succeed on the merits,
13 [2] that he is likely to suffer irreparable harm in the absence
14 of preliminary relief, [3] that the balance of equities tips in
15 his favor, and [4] that an injunction is in the public interest."
16 Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052
17 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 129
18 S. Ct. 365, 374 (2008)).  The requirements for a temporary
19 restraining order are the same.  Stuhlbarg Int'l Sales Co. v.
20 John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  A
21 TRO is an emergency measure, intended to preserve the status quo
22 pending a fuller hearing on the injunctive relief requested, and
23 the irreparable harm must therefore be clearly immediate.  Fed.
24 R. Civ. Proc. 65(b)(1).
25      B.   Analysis
26      Having reviewed Plaintiff's TRO Application as well as the
27 materials submitted in support, the Court concludes that
28 Plaintiff has failed to satisfy the procedural requirements

                                2

necessary to justify the issuance of an ex parte TRO. Specifically, Plaintiff has not shown that he has given proper notice to Defendants under Local Rule 231 and Federal Rule of Civil Procedure Rule 65(b).  In support of his request for an ex parte TRO, Plaintiff stated that on September 10, 2013, the same day this motion was filed, Plaintiff notified Federal National Mortgage Association and Bank of America by email.  Mot. at 4. However, Plaintiff did not email all Defendants and an email without the requisite information falls short of what constitutes appropriate notice.  See L.R. 231(a).

Nevertheless, the Court considers the merits of the application.  The gravamen of Plaintiff's claim is that Defendants had no legal right to foreclose on the property and therefore the Writ of Possession is void.  See Mot. at 4-5. Under the Rooker-Feldman doctrine, however, federal courts lack jurisdiction to review the propriety of state court rulings, including a Writ of Possession rendered during the course of a state court unlawful detainer proceeding.  See, e.g., Richards v. Mercy Hous. California, C 12-00234 JW, 2012 WL 174186, at *2 (N.D. Cal. Jan. 18, 2012) (denying motion for preliminary injunction which sought to enjoin eviction by the county sheriff)(citations omitted); Drawsand v. F.F. Properties, L.L.P., 866 F. Supp. 2d 1110, 1123 (N.D. Cal. 2011) ("To the extent that Drawsand is attempting to challenge the adverse ruling in the [unlawful detainer] action, such claim is barred under the Rooker-Feldman doctrine.")(citations omitted).

Finally, Plaintiff has failed to establish that he is likely to prevail on the merits of his quiet title claim, or establish a

3

serious questions going to the merits because he has failed to address any elements of the cause of action including a basis for Plaintiff's title to the property.  See Cal. Civ. Proc. Code § 761.020.

## II.  ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for a Temporary Restraining Order.

IT IS SO ORDERED.

Dated:  September 12, 2013

/s/ John A. Mendez\_\_\_\_        _____

UNITED STATES DISTRICT COURT JUDGE